UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON KING,

         Petitioner,

   v.

DAVE DAVEY, et al.,

         Respondents.

Case No.  15-cv-03260-DMR (PR)

**ORDER STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY**

Petitioner, a state prisoner, filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application for leave to proceed *in forma pauperis*.  He has since filed an amended petition, which is the operative petition in this action.  Dkt. 6.  In his amended petition, Petitioner admits that only one out of his five claims has been exhausted in state court; therefore, he requests a stay of the proceedings while he completes the process of exhausting his other four claims in state court.  Dkt. 6 at 10.[1]  Plaintiff has consented to magistrate judge jurisdiction in this action.  Dkt. 5.

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Petitioner.

available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  Petitioner states that he has filed a state habeas petition, which is currently pending before the state superior court and includes the claims that were not exhausted at the time he filed the instant federal petition.  *See* Dkt. 6 at 4; *see also* 28 U.S.C. § 2254(b), (c).  Accordingly, the instant federal petition is a mixed petition.

District courts have the authority to issue stays of mixed petitions and the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not deprive them of that authority.  *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005).  However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  *Id.* at 277.

Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  *Id.*  Here, the court finds that Petitioner has not engaged in dilatory tactics and the unexhausted claims appear to be potentially meritorious.

Good cause appearing, Petitioner's request for a stay is GRANTED, and the petition for a writ of habeas corpus is construed as a protective petition and STAYED so that Petitioner can exhaust his unexhausted claims in the state courts.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoners who run risk of having federal statute of limitation expire while exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"); *see also Rhines*, 544 U.S. at 277-78 (district court has authority to stay mixed petition where there was good cause for petitioner's failure to exhaust claim in state court and the claim is potentially meritorious).

Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted.  He must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated.  He must also attach to his status

reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the court's stay and amend the stayed petition to add the newly-exhausted claims.

Petitioner's application to proceed *in forma pauperis* is GRANTED. Dkt. 7.

This Order terminates Docket No. 7.

IT IS SO ORDERED.

Dated: October 2, 2015

_____
DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON KING,

              Plaintiff,

    v.

DAVE DAVEY, et al.,

              Defendants.

Case No.  4:15-cv-03260-DMR

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on October 2, 2015, I SERVED a true and correct copy(ies) of the attached Order, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason  King ID: AK5267
Corcoran State Prison
4001 King Avenue
P.O. Box 8800
Corcoran, CA 93212

Dated: October 2, 2015

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU