UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON KING,<br><br>    Petitioner,<br><br>    v.<br><br>PAT L. VAZQUEZ,<br><br>    Respondent. | Case No. 15-cv-03260-EMC<br><br>**ORDER GRANTING MOTION TO DISMISS AND REQUIRING CHOICE BY PETITIONER**<br><br>Docket No. 18 |

## I.  INTRODUCTION

Jason King filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction from the Alameda County Superior Court. Respondent has moved to dismiss the second amended petition on the ground that state court remedies have not been exhausted for several of Mr. King's claims. Mr. King has not opposed the motion, and the deadline by which to do so has long passed. For the reasons discussed below, the Court finds that state court remedies were not exhausted for several claims in the second amended petition and requires Mr. King to choose how to deal with this problem.

## II.  BACKGROUND

Mr. King was convicted in Alameda County Superior Court of first degree murder and attempted murder, and thereafter was sentenced on December 9, 2011 to 82 years to life in prison. He appealed. The California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied his petition for review in 2014. Docket No. 18-1 at 27; Docket No. 14 at 22.

Mr. King then filed this action. In his amended petition for writ of habeas corpus, Mr. King requested a stay of these proceedings so that he could exhaust state court remedies for some

of his claims. The Court granted the stay. Mr. King later filed a second amended petition and a motion to lift the stay in which he reported that he had completed his efforts to exhaust state court remedies motion. Docket Nos. 12, 14. The Court lifted the stay and ordered Respondent to show cause why the second amended petition should not be granted. Docket No. 13.

Respondent has now moved to dismiss the second amended petition, arguing that state court remedies have not been exhausted for several of the claims in the second amended petition. Mr. King has not opposed the motion to dismiss.

### III. DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state court remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

To determine whether state court remedies have been exhausted, this Court compares the claims in the second amended petition for writ of habeas corpus with any petitions Mr. King has filed in the California Supreme Court to determine whether all the claims in the former were included in the latter. They were not.

Mr. King's second amended petition for writ of habeas corpus (Docket No. 14) asserts these four claims:

> ●Claim 1: Mr. King's Fourteenth Amendment right to due process was violated because his appellate counsel provided ineffective assistance in that she (a) failed to argue on appeal a Confrontation Clause claim regarding the admission of Mr. Williams' statement and (b) failed to argue on appeal trial counsel's failure to "challenge both witnesses' statements which were critical to this case" *id.* at 15, apparently referring to witnesses Villanueva and Williams;
>
> ●Claim 2: Mr. King's constitutional right to the effective assistance of trial counsel was violated because his trial counsel "sabotaged" his case by allowing evidence that Mr. Villanueva "was attacked and nearly kidnapped several days before trial," *id.* at 17;

2

●Claim 3: Mr. King was denied his "right to present a defense" because "trial counsel fail[ed] to investigate, [or] adequately conduct a pretrial preparation," *id.* at 20;[1] and

●Claim 4: the "admission of testimony that informant Villanueva was attacked and nearly kidnapped several days before trial violated [Mr. King's] Fourteenth Amendment right to due process," *id.* at 20.

Mr. King filed two petitions in the California Supreme Court. First, Mr. King filed a petition for review. Mr. King's petition for review asserted a single claim that the admission of testimony that Mr. Villanueva was attacked several days before trial violated Mr. King's right to due process. *See* Docket No. 18-1 at 11.[2] That claim matches Claim 4 in Mr. King's federal second amended petition. State court remedies therefore have been exhausted for Claim 4.

The other petition Mr. King filed in the California Supreme Court was a petition for writ of habeas corpus, *King v. Davey*, Cal. S. Ct. Case No. S231518. This petition asserted *no* claims for violations of his federal rights. *See* Docket No. 18-1 at 35-45. It appears that Mr. King may have mistakenly omitted the legal discussion portion of the petition: the petition consisted of the 6-page form petition that directed the reader to the attachment for the legal claims, and a 4-page attachment that provided a statement of facts but no legal claim or legal discussion. The California Supreme Court denied the petition for writ of habeas corpus with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (Cal. 1995), and *In re Swain*, 34 Cal. 2d 300, 304 (Cal. 1949). *See* Docket No. 14 at 23.[3] Due to the absence of any legal claims in it, the petition for writ of habeas

---

[1] Although Mr. King argues urged in his Claim 3 that he was denied his right to present a defense, the facts alleged -- i.e., that counsel failed to investigate and adequately prepare for trial -- suggest that Claim 3 should be treated as part of his ineffective-assistance-of-counsel claim. This is so because the alleged problem is the allegedly deficient performance of his defense counsel, rather than a problem caused by the trial court or some other force external to his defense team.

[2] Mr. King also urged that the admission of the evidence of the attack on Villanueva was erroneous under the California Evidence Code. This Court does not further discuss the claim of state law error because federal habeas relief is not available for state law errors. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

[3] The California Supreme Court's summary denial of a petition for writ of habeas corpus with citations to both *Duvall* and *Swain* is essentially a "'dismissal without prejudice, with leave to amend to plead required facts with particularity.'" *Seeboth v. Allenby*, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015); *see also Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (elaborating on the meaning of the *Duvall* and *Swain* citations in California Supreme Court orders). The California Supreme Court's rejection of Mr. King's petition thus indicates that Mr. King could return to the California Supreme Court with a new petition for writ of habeas corpus in which he alleges legal

3

corpus in the California Supreme Court failed to exhaust state court remedies for any claim.

To summarize: Claim 4 has been presented to the California Supreme Court, and Claims 1, 2, and 3 have not been presented to the California Supreme Court. State court remedies therefore have been exhausted only for Claim 4, i.e., the claim that Mr. King's right to due process was violated by the admission of evidence about the attack on Villanueva.

Mr. King's second amended petition for writ of habeas corpus contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed second amended petition (and possibly cause a later-filed petition to be time-barred) without giving Mr. King the opportunity to choose whether to proceed with just his exhausted claim, or to try to exhaust the unexhausted claims before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, this Court will allow Mr. King to choose whether he wants to –

(1) dismiss the unexhausted Claims 1, 2 and 3, and go forward in this action with only the exhausted Claim 4, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Mr. King is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claim,

---

claims and provides adequate factual descriptions in support of those claims.

4

1  he may face dismissal of any later-filed petition.  *See* 28 U.S.C. § 2244(b).  If he chooses option
2  (2), dismissing this action and returning to state court to exhaust all claims before filing a new
3  federal petition, his new federal petition might be rejected as time-barred.  *See* 28 U.S.C. §
4  2244(d).  If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the
5  motion is granted) then must act diligently to file in the California Supreme Court, to obtain a
6  decision from the California Supreme Court on his unexhausted claims, and to return to this Court.
7  And under option (3), this action stalls:  this Court will do nothing further to resolve the case while
8  Mr. King is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[4]  The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."  *Rhines*, 544 U.S. at 277.  A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner.  *Id.* at 277-78.  Any stay must be limited in time to avoid indefinite delay.  *Id.*  Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court.

---

[4] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition.  Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71).  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations.  *King*, 564 F.3d at 1141-43.

5

*See id.* at 278; *Kelly v. Small*, 315 F.3d at 1071.  If Mr. King files a motion for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

### IV.   CONCLUSION

Warden Davey's motion to dismiss is **GRANTED**.  Docket No. 18.

Mr. King must file no later than **March 10, 2017**, a notice in which he states whether he chooses to (1) dismiss the unexhausted claims and go forward in this action with only Claim 4, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.  If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states simply:  "Petitioner chooses to proceed under option ___ provided in the Order Granting Motion To Dismiss And Requiring Choice By Petitioner."  Mr. King would have to insert a number in place of the blank space to indicate which of the first two options he chooses.  If he chooses Option (3), no later than **March 10, 2017**, Mr. King must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under *King/Kelly* to amend his second amended petition (to delete the unexhausted claims) and to stay this action while he exhausts state court remedies for the unexhausted claims, he may do so no later than **March 10, 2017**.  If Mr. King does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted claims and adjudicate the remaining claim.

**IT IS SO ORDERED**.

Dated: January 30, 2017

_____
EDWARD M. CHEN
United States District Judge